RECEIVED
SDNY PRO SE OFFICE

2023 FEB 27 AM 10: 27

Randel Smickle (17a0547) / Page 1 of 5

Shawangunk Correctional Facility

200 Quick Road / P.O. Box 700

Wallkill, New York 12589 - 0750

Petition Under 28 U.S.C. § 2254 For Writ Of

Habeas Corpus By A Person In State Custody

**23-cv-1634**

United States District Court

Randel Smickle (17a0547)

Shawangunk Correctional Facility

First District

00213/2015

**Randel Smickle V. The People Of The State Of New York**

The Attorney General of The State of: Ney York

### Petition

Supreme Court Of New York County Of New York - Criminal Term - Part 32,,
100 Centre Street, New York, New York 10013.

My Docket number, as stated above is in relation to the case I am petitioning for. The judgment of conviction, was on the 12th of December 2016. I was sentenced on the 5th of January 2017; to 15 years and 5 years. I was convicted of more than one crime: Two (2) Counts of Robbery in the First (1st) Degree PL 160.15 (02,04); Two (2) Counts of Robbery in the Second (2nd) Degree PL 160.10 (01,2A); One Count of Criminal Possession of a Weapon in the Second (2nd) Degree PL 265.03 (03). My Plea is not Guilty. I went to a Jury Trial but did not testify at a pretrial hearing, trial, or a post trial hearing, because my counsel felt it was not in my best interest. I did appeal from the judgement of conviction: New York Supreme Court - Appellate Division

(Continued from Page 1), First Department, 213/2015 (2019-1) The Results was Affrimed (unanimously). The date of the result, January 18, 2022. Citation: People V. Smickle N.Y.S.3d --- (2022).

## Grounds Raised

1. Counsel was ineffective for numerous reason, the very first was failing to move to reopen the Wade hearing after the complainant testified at trial to a meterially different account of the show-up indentification procedure, which rendered it unduly suggestive and inadmissible.

   A. Objecting without cause.

   B. Cross-examination, that should of proved confession was given unlawfully, which caused a Huntley violation.

   C. Allowing victimized jurors to stand trial even with the court showing the O'Rama violation was viewed.

   D. Failure to argue the Rosario violation which statements was not turned over to defendant's party.

   E. Trial counsel stated to defendant (verbally) that one of the witness on the list of witnessess, a guy named Mohammad (Taxi owner the weapon and bag was found under) was the individual that informed the officers on scen that he had seen me 'dip[ped] down' near his vehicle once he realized the officer falsify their statement to the court.

   F. Failed to object against a Sandoval violation. Which, prosecution brought up past convictions that was suppressed.

   G. Defendant's counsel failed to properly argue the issue of not having a pre-sentencing of the defendant.

(Continued from Page 2), 2. The defendant's Second-degree robbery conviction under Penal Law § 160.10(2)(A) is against the weight of the evidence because there was no credible proof that the complainant suffered physical injury.

3. Judicial Misconduct, due to ineffective jurors and continuing sentencing without a pre-sentence report.

4. Prosecution Misconduct. Prosecutor's comment during summation operated to deprive defendant of a fair trial.

5. The defendant's 15-year prison sentence with five years of post-release supervision is excessive and should be reduce in the interest of justice because this is the defendant's first and only conviction and minimal to no injury was established at trial.

Further evidence will be specified in the annexed affidavit and ehibits to help support these issues.

I did seek further review by a higher state court: Court of Appeals Hall 00213/2015 (2019-1). The result was denied. The date was March 31st, 2022. I did not file for Certiorari in the United States Supreme Court as it was not of import since I have until the 31st, of March, 2023. I filed a motion concerning the Application for Resentencing [CPL §440.47]. The Grounds: On being a victim of substantial physical, sexual and psycological abuse. I did not receive a hearing where evidence was given on defendant's petition, application, or motion. The motion was denied on July 19th, 2022 at New York Supreme Court, County of New York. Docket number: 00213/2015, was filed on June 30th, 2022. The nature of the proceeding: No allegation of domestic violence was found. The ground I was trying to argue, was my

(Continued from Page 3), abuse: physically, mentally and sexually by my Karate Sensei in the year of 1997-98, as a youth enrolled in Tae Kwon Do, in Queens, Linden Blvd between 207 and 208 Street. Once, I was told of the fact that I did not qualify, I wrote ACS and other places to show I did. The problem was after the individual that made the cpmplaint is at 26 years of age if it did not go any further, to the effect of a conviction it was disposed of. I have filed another motion to preserve the agruments that was used in my appeal by Appellate Lawyer.

A Criminal Leave Application was the final motion or petition filed before the §§ 440.10 (2-6) and 440.20 as well as the § 440.47.

Name and address of each attorney who represented me in the following stages of the judgment I am challenging:

At Grand Jury; Adam A. Meyer Esq. Legal Aid Society of New York, 49 Thomas Street, New York, N.Y. 10013 (Also at Arraignment and Plea). At Preliminary hearing and Trial; Michael Croce, Esq. 18-B Assigned Counsel Panel Dearie & Associates, 515 Madisopn Avenue, N.Y., N.Y. 10022 (Also at sentencing). On Appeal and Leave to Appeal; Anjali Pathmanathan, Esq. Center for Appellate Litigation, 120 Wall Street, 28th Floor, New York, N.Y. 10005.

I have no future sentence to serve. I am submitting this petition in a timely matter. Therefore I the petitioner asked that the court grant the following relief. from the conviction or the sentence.

Randel Smickle (17a0547) / Page 5 of 5

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this petition for Writ of Habeas Corpus was placed in the prison mailing system on February 17, 2023.

Sincerely Yours,

*R. Smickle*

Randel Smickle (17a0547)

Sworn to before me
This 17 day of February 2023

_____
Notary Public

[Notary Seal: SHEILA L. EULL, NOTARY PUBLIC, STATE OF NEW YORK, Qualified in Orange County, 01EU6421926, Commission Expires 9/13/2025]

CC: Randel Smickle/File//Southern District (file-stamped copy)

BC: Jacqueline Anderson (Mother)

Randel Smickle (17a0547) / Page 1 of 1

Shawangunk Correction Facility

200 Quick Road / P.O. Box 700

Wallkill, New York 12589 - 0750

C/O:

Ruby J. Krajick, (Clerk) Room 120;

John Gencarello (Chief Deputy Clerks/Operations);

Kelly Benson (Pro Se Law Clerks)

U.S. District Court Southern District of New York

Daniel Patrick Moynihan U.S. Courthouse,

500 Pearl Street, New York City 10007 - 1312

Dear: Concern readers;

    Good day. I am writing to inform you of the petition (Writ of Habeas Corpus) I am sending to all person(s) foremention a copy of the petition following this letter because I am requesting a file-stamped copy of the petition, however; I am not sure who should receive it. Moreover, I believe as a lay-person of the law, my error would/could be mended. Your response is greatly appreciated.

Thank you and have a blessed day;

*R Smickle*

Randel Smickle (17a0547) [I,I. Pro Se]

cc: Randel Smickle (File)/

Randel Sprinkle (17a0547)
Shawangunk Correctional Facility
200 Quick Rd / P.O. Box 700
Wallkill, New York 12589-0750

Pro Se

c/o: John Gencarello
U.S. District Court Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, New York City
10007-1312

RECEIVED
SDNY PRO SE OFFICE
2023 FEB 27 AM 10: 22

RECEIVED
FEB 24 2023
CLERK'S OFFICE
S.D.N.Y.

USMS
SDNY



NEOPOST
02/21/2023
US POSTAGE $001.74⁰
FIRST-CLASS MAIL
ZIP 12589
041M11285312

SHAWANGUNK
CORRECTIONAL FACILITY