UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Randel Smickle,

                          Petitioner,

-against-

Superintendent, Shawangunk Correctional Facility,

                          Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/29/2023

23-CV-01634 (JHR) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge**:

Before the Court is an unopposed request by *pro se* Petitioner Randel Smickle ("Petitioner") to stay this action pending resolution of his Criminal Procedure Law ("CPL") § 440.10 motion. (*See* Am. Pet., ECF No. 8, at PDF p. 7; Resp.'s Interim Response, ECF No. 17.) For the reasons stated below, it is hereby ORDERED that, no later than August 15, 2023, Petitioner shall file a letter setting forth good cause for his failure to exhaust his as-yet unexhausted ineffective assistance of counsel claim in state court prior to filing the Petition.

**BACKGROUND**

Petitioner challenges a January 5, 2017 judgment of New York Supreme Court, sentencing him to a determinate term of 15 years in prison followed by five years of post-release supervision, pursuant to a jury verdict convicting him of two counts each of Robbery in the First Degree (Penal Law §§ 160.15(2), 160.15(4)), Robbery in the Second Degree (Penal Law §§ 160.10(1), 160.10(2)(a)), and Criminal Possession of a Weapon in the Second Degree (Penal Law §§ 265.03(3), 265.03(1)(b)). (Resp.'s Interim Response at 1.) On January 18, 2022, the Appellate Division, First Department affirmed, *see People v. Smickle*, 201 A.D.3d 525 (1st Dep't 2022), and

on March 31, 2022, the Court of Appeals denied leave to appeal. *See People v. Smickle*, 38 N.Y.3d 954 (2022). On February 24, 2023, Petitioner filed his habeas Petition in this action. (Pet., ECF No. 1.) He later filed an Amended Petition. (*See* Am. Pet.) In his Amended Petition, Petitioner argued, among other grounds, that trial counsel was ineffective. (*Id*. at 2.) In deciding Petitioner's appeal in state court, the First Department had held that Petitioner's ineffectiveness claim was unreviewable on direct appeal, and in the alternative that the claim lacked merit. *See Smickle*, 201 A.D.3d at 526 ("since defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal").[1] Petitioner since has filed in New York Supreme Court a motion to vacate the judgment pursuant to CPL § 440.10, raising a claim of ineffective assistance of trial counsel. (Resp.'s Interim Response at 2.)

On April 27, 2023, the Court entered an Order requiring Respondent to file an Answer to the Petition and stating that Respondent may, at this stage, limit its answer to the issue of whether the action should be stayed. (4/27/23 Order, ECF No. 9.) On June 26, 2023, Respondent filed an Interim Response, stating that Respondent does not oppose a stay in this action while Petitioner's CPL § 440.10 motion remains pending before the state courts. (Resp.'s Interim Response at 2.)

---

[1] "Where a claim is not appropriate for direct appeal because it cannot be demonstrated on the basis of the pretrial or trial record . . . a petitioner may exhaust the claim by raising it to the state trial court in a collateral post-conviction motion, such as a motion pursuant to [CPL] § 440." *Elleby v. Smith*, No. 20-CV-02935 (PAE), 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020), *adhered to on denial of reconsideration*, 2020 WL 4058957 (S.D.N.Y. July 20, 2020).

**LEGAL STANDARDS**

In *Rhines v. Weber*, the Supreme Court held that a district court may in its discretion stay a habeas action pending exhaustion of claims in state court, but that it should do so only in "limited circumstances" so as not to undermine the "twin purposes" of the federal habeas statute: "encouraging finality" and "streamlining federal habeas proceedings." 544 U.S. 269, 277 (2005). Specifically, the Supreme Court held that a district court may only stay a habeas petition pending exhaustion in state court if: (1) the petition is "mixed," *i.e.*, it includes both exhausted and unexhausted claims; (2) the petitioner had good cause for his failure to exhaust the unexhausted claims; (3) the unexhausted claims are not plainly meritless, and (4) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 278.

**ANALYSIS**

The Amended Petition is "mixed" in that it includes claims that are exhausted, as well as claims that are unexhausted.[2] Certain of the claims asserted in the Amended Petition are exhausted, because they were asserted in Petitioner's direct appeal and, upon denial of that appeal, Petitioner sought leave to appeal the denial. However, as the Appellate Division found,

---

[2] A state prisoner generally may obtain federal habeas relief only after exhausting his claims in state court. 28 U.S.C. §§ 2254(b)(1), (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In New York, the applicable review process for an ineffective assistance of counsel claim depends on the nature of the alleged attorney error underlying the claim. To properly exhaust a claim that relies on errors or omissions that are apparent from the record of trial or pretrial proceedings, petitioner must raise such claim on direct appeal to the Appellate Division and then seek leave to appeal to the Court of Appeals. *See Sweet v. Bennett*, 353 F.3d 135, 140-41 (2d Cir. 2003). In contrast, to properly exhaust an ineffective assistance of counsel claim that relies on evidence outside the pretrial and trial record, a petitioner must raise it as part of a motion to vacate judgment under CPL § 440.10 and then seek leave to appeal to the Appellate Division. *See Murden v. Artuz*, 497 F.3d 178, 196 (2d Cir. 2007).

3

Petitioner's ineffective assistance of counsel claim should have been raised in a CPL § 440.10 motion, and not on direct appeal, *see Smickle*, 201 A.D.3d at 526, and thus has not yet been exhausted.[3] Petitioner subsequently raised an ineffective assistance of counsel claim in his CPL § 440.10 motion, but that motion has not yet been decided in the state courts. (*See* Resp.'s Interim Response at 2.) Accordingly, since the Amended Petition is "mixed," the first *Rhines* factor is satisfied.

With respect to the second *Rhines* factor, on the present record, the Court cannot determine whether Petitioner had good cause for his failure to exhaust the unexhausted claims.[4] *See Rhines*, 544 U.S. at 278. Petitioner did not make a formal motion to stay and hold this action in abeyance until his CPL § 440.10 motion is decided. Rather, he simply made such request in a letter attached to his Amended Petition. (*See* Am. Pet. at PDF p. 7.) Petitioner's letter does not explain why he filed his habeas Petitioner prior to exhausting his ineffective assistance claims.[5]

---

[3] The Appellate Division's alternative holding that the ineffective assistance claim lacked merit does not affect Petitioner's failure to exhaust. *See Rios v. Miller*, No. 17-CV-02256 (ALC), 2020 WL 4003607, at *3 (S.D.N.Y. July 15, 2020).

[4] The Supreme Court and the Second Circuit have not defined the contours of "good cause" in this context, and district courts "have varied in their interpretations of the standard.'" *Brooks v. Sticht*, No. 20-CV-01108 (JLS), 2022 WL 1190456, at *10 (W.D.N.Y. Apr. 21, 2022) (citation omitted). Numerous district courts in this Circuit have found that "good cause" only exists where some objective factor external to the petitioner accounts for his failure to exhaust his claims. *See Ramdeo v. Phillips*, No. 04-CV-01157 (SLT), 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006) (collecting cases). A handful of district courts have adopted a more expansive definition of "good cause" to include reasons internal to the petitioner, such as his reasonable confusion as to the proper procedure. *See, e.g., Whitley v. Ercole*, 509 F. Supp. 2d 410, 417-19 (S.D.N.Y. 2007).

[5] With respect to the third *Rhines* factor, while the unexhausted claims may not ultimately succeed, the Court does not at this stage find them "plainly meritless" absent further review and analysis, including consideration of decision on the CPL § 440.10 motion and a brief from Respondent. With respect to the fourth *Rhines* factor, Respondent has not alleged that Petitioner is engaging in intentionally dilatory litigation tactics, and the Court does not find that to be the case.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that, no later than August 15, 2023, Petitioner shall file a letter setting forth good cause for his failure to exhaust his as-yet unexhausted ineffective assistance of counsel claim in state court prior to filing the Petition.

**SO ORDERED.**

Dated:   New York, New York
         June 29, 2023

_____
STEWART D. AARON
United States Magistrate Judge