UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDEL SMICKLE,<br><br>                              Petitioner,<br><br>                    -v.-<br><br>SUPERINTENDENT, SHAWANGUNK<br>CORRECTIONAL FACILITY,<br><br>                              Respondent. | 23 Civ. 01634 (JHR) (SDA)<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

Pursuant to 28 U.S.C. § 2254, Petitioner Randel Smickle, acting *pro se*, filed a petition

for a writ of habeas corpus (the "Petition") in connection with his December 12, 2016 state court

conviction for two counts of Robbery in the First Degree and two counts of Robbery in the

Second Degree. *See* ECF No. 1 (Pet.) at 2. Before the Court is the Report and Recommendation

of Magistrate Judge Stewart D. Aaron recommending that the Court deny the Petition. *See* ECF

No. 41 (Rep.) at 31. The Court has examined the Report and Recommendation and notes that no

objections have been filed. For the reasons set forth below, the Court finds no clear error in the

Report and Recommendation and adopts Judge Aaron's recommendation in its entirety.

### BACKGROUND[1]

Petitioner brought this action on February 24, 2023 against the Superintendent of the

Shawangunk Correctional Facility ("Respondent"). *See generally* Pet. On April 4, 2023, the

Court referred the Petition to Judge Aaron for a Report and Recommendation. *See* ECF No. 4.

Petitioner filed an amended petition on April 27, 2023, seeking vacatur of his state court

conviction on the following grounds: (1) his trial counsel was ineffective, (2) his conviction for

second-degree robbery was against the weight of the evidence, (3) judicial misconduct, (4)

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is
assumed. *See* Rep. at 2-9.

prosecutorial misconduct, and (5) Petitioner's "15-year prison sentence with five years of post-release supervision is excessive and should be reduce[d]." ECF No. 8 (Am. Pet.) at 2-3.

On April 27, 2023, Judge Aaron directed Respondent to answer the Petition. ECF No. 9. In view of Petitioner's "request[] that this amended petition be stayed pending exhaustion of [Petitioner's] motion under New York Criminal Procedure Law § 440 in the state court," Judge Aaron permitted Respondent to "limit [his] answer to the issue of whether the action should be stayed." *Id*. Respondent filed a letter, consenting to the stay, on June 26, 2023, ECF No. 17, and on July 14, 2023, Judge Aaron stayed the action "while Petitioner exhaust[ed] his ineffective assistance of counsel claim," ECF No. 20. Respondent filed letters regarding the status of that claim on January 5, 2024, ECF No. 22; March 29, 2024, ECF No. 24; and May 1, 2024, ECF No. 26.

On August 1, 2024, Respondent notified the Court that "no further review of [P]etitioner's motion [wa]s available under New York's established appellate procedures" and that Petitioner's ineffective assistance of counsel claim was therefore "no longer pending before the state courts." ECF No. 30. "In light of [this] update and since Respondent had previously filed only an interim response," Judge Aaron ordered Respondent to answer the Petition by October 1, 2024. ECF No 31. On Respondent's applications, ECF Nos. 32, 34, and 36, Judge Aaron extended Respondent's deadline to answer three times, with the deadline eventually set for January 19, 2025. *See* ECF Nos. 33, 35, and 37. Upon receipt of Respondent's answer, ECF No. 38, Judge Aaron directed Petitioner to file any reply by February 24, 2025, ECF No. 35. Petitioner has not replied.

On October 17, 2025, Judge Aaron issued a thirty-two page Report and Recommendation recommending that the Court deny the Petition in its entirety. *See* Rep. at 31. The Report and Recommendation alerted the parties that they had "fourteen (14) days (including weekends and

holidays) from service . . . to file written objections." *Id.* at 32.  The Report and Recommendation also cautioned that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**." *Id* (emphases in original).  The Clerk of Court mailed the Report and Recommendation to Petitioner on October 20, 2025.  Accordingly, any objections to the Report and Recommendation were due by November 3, 2025.  Petitioner did not file any objections by that date or at any time thereafter, nor has he requested an extension of the time to object.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections . . . on appeal," Rep. at 21, Petitioner did not

3

file any objections to the Report and Recommendation. Thus, Petitioner waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is "well reasoned and grounded in fact and law." *See, e.g., Fredricks*, 2025 WL 1018870, at *1.

## CONCLUSION

Accordingly, the Court adopts the Report and Recommendation in its entirety and, for the reasons set forth therein, denies the Petition for a writ of habeas corpus.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that "any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied" for the purpose of an appeal. *See Tashman v. Kijakazi*, No. 21 Civ. 0801 (JMF), 2022 WL 3159318, at *2 (S.D.N.Y. Aug. 8, 2022) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

The Clerk of Court is directed to dismiss the Petition, mail a copy of this Order to Petitioner, and close this case.

SO ORDERED.

Dated: December 2, 2025
New York, New York

JENNIFER H. REARDEN
United States District Judge

5